amieUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                               Case No. 22-cr-20519

v.                                              Hon. Laurie J. Michelson
                                                  United States District Judge

D-1 CORTEZ BLAKE,
D-2 KARAMOH TURNER,
D-3 SEMAJ AYERS,
D-4 MAIJAH GREENE,
D-5 SHATONNIA KIMBROUGH, and
D-6 ARMOND WILLIAMS,

       Defendants.

## AGREED STIPULATION FOR PROTECTIVE ORDER

The United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, David Cowen and Jeanine Brunson, Assistant United States Attorneys, and the Defendants, by and through their respective counsel, file this stipulation for entry of a Protective Order.

Defendants are charged with one count of Kidnapping Conspiracy and one count of Kidnapping, Aiding and Abetting. *See* ECF No. 1. The United States has already produced some discovery in this matter, and intends to continue to meet its discovery obligations. As such, the United States is preparing additional discovery for the Defendants, which the parties agree

1

should be subject to a protective order. The forthcoming discovery includes social media records, phone records, Google account information, and other material that contains personal identifiable information ("PII") of some or all of the Defendants and other uncharged individuals, including minors. These materials are hereinafter referred to as "discovery materials" and will be designated as such where appropriate.

In order to protect the privacy of the individuals whose PII is included in the discovery materials, the parties stipulate to the issuance of a protective order providing the following conditions regarding the disclosure of the discovery materials:

a) Access to the discovery materials shall be restricted to persons authorized by this stipulation and protective order, namely, Defendants, Defendants' attorneys of record in this case, and any employees of the attorneys of record who are performing work on behalf of Defendants, to include any defense investigators or defense discovery coordinators;

b) Defense counsels and Defendants shall not disclose, make copies of, or reveal the contents of such materials to any other persons not authorized to receive the discovery materials under this stipulation and protective order without prior written consent of the government or further order of the Court; and

    c) Any and all discovery materials received pursuant to this protective order by defense counsels and Defendants, and copies of such materials, shall be returned to the government at the conclusion of these proceedings, to include direct appeal and post-conviction litigation.[1]  Defense counsels may retain any notes made by Defendants, the defense, and experts under the conditions provided above, or shall destroy them.

In addition to the aforementioned "discovery materials," the government will produce certain material designated as "Attorney-Only."  Discovery designated as "Attorney-Only" requires an additional layer of protection because it contains PII that could be used to threaten or harass individuals or their family members, such as residential addresses or other sensitive information.  This "Attorney-Only" material may be reviewed with, or described to, Defendants in the presence of his or her defense counsel or other employees assisting in defense preparation; however, neither Defendants nor the facility at which he or she is in custody shall be permitted to keep such materials, including copies and notes of such materials.

If counsels for Defendants believes that any material is not properly designated as Attorney-Only Discovery, counsel shall raise that issue first with the United States.  If the parties are unable to agree on the status of a given item

---

[1] Or, alternatively said discovery materials shall be electronically scrubbed from any electronic storage device(s), or otherwise destroyed.

of discovery, Defendants may seek leave of the Court to remove the item(s) from the Attorney-Only designation. However, all items designated as Attorney-Only Discovery must be treated as such until removed by the government or the Court.

The persons who may receive and review Attorney-Only Discovery, and will be referred to as "Covered Individuals," are:

    a. Attorneys of record for the Defendants;

    b. Persons employed, or who have been contracted to work on this case, by defense counsel who are assisting with the preparation of defendants' defense;

    c. Any expert(s) retained on behalf of defendants to assist in the defense of this matter;

    d. Any investigator(s) retained on behalf of defendant to assist in the defense of this matter, which includes discovery coordinators.

Attorney-Only Discovery provided by the government shall not be disclosed by the defense to any person except Covered Individuals. Attorney-Only Discovery may be reviewed with, or described to, Defendants, but Defendants or their facility shall not be given copies of such material, unless the Attorney-Only Discovery is later removed from the terms of the protective order by the government or by Court order.

Prior to any Covered Individual receiving access to the Attorney-Only Discovery pursuant to this Order, the Covered Individual shall sign a copy of this order, which defense counsel shall retain a copy of, acknowledging that:

a. They have reviewed the Order;

b. They understand all its contents;

c. They agree that they will only access the Attorney-Only Discovery for the purposes of preparing a defense for defendant;

d. They understand that failure to abide by this Order may result in sanctions by this Court and criminal charges for contempt.

No person other than Covered Individuals may be allowed to examine Attorney-Only Discovery, absent further court order. Attorney-Only Discovery will be maintained in a secure environment which is reasonably certain to not expose the materials to individuals not listed above.

Any discovery material that is filed with the Court in connection with proceedings in this case shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**IT IS SO STIPULATED.**

s/ David P. Cowen
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9575
david.cowen@usdoj.gov


s/ Jeanine Brunson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9575
jeanine.brunson@usdoj.gov

s/ David I. Lee (*w/ consent*)
Counsel for D-1 Cortez Blake
615 Griswold
Suite 722
Detroit, MI 48226
313-963-6508
davidileelaw@yahoo.com


s/ Henry M. Scharg (*w/ consent*)
Counsel for D-2 Karamoh Turner
30445 Northwestern Hwy.
Suite 225
Farmington Hills, MI 48334
248-596-1111
hmsattyatlaw@aol.com


s/ Samuel J. Churikian (*w/ consent*)
Counsel for D-3 Semaj Ayers
500 Griswold
Ste 2340
Detroit, MI 48226
313-963-1455
4bestdefense@comcast.net


s/ Randall C. Roberts (*w/ consent*)
Counsel for D-4 Maijah Greene
120 N. 4th Ave.
Ann Arbor, MI 48104
734-677-3393
randallcroberts51@yahoo.com

        s/ Judith S. Gracey (*w/ consent*)
        Counsel for D-5 Shatonnia Kimbrough
        2200 Beechmont Street
        Keego Harbor, MI 48320
        (248) 221-7726
        judith@thegraceylawfirm.com

        s/ Ben M. Gonek (*w/ consent*)
        Counsel for D-6 Armond Williams
        14290 Northline Road
        Southgate, MI 48195-1820
        313-963-3377
        ben@gonekbelcherlaw.com

Dated: April 27, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 22-cr-20519

v.                                        Hon. Laurie J. Michelson
                                           United States District Judge

D-1 CORTEZ BLAKE,
D-2 KARAMOH TURNER,
D-3 SEMAJ AYERS,
D-4 MAIJAH GREENE,
D-5 SHATONNIA KIMBROUGH, and
D-6 ARMOND WILLIAMS,

        Defendants.

## **PROTECTIVE ORDER**

The parties have stipulated to a protective order limiting the disclosure of discovery materials, and the court being fully apprised of the basis for the stipulation and finding good and sufficient cause in support thereof:

IT IS HEREBY ORDERED that the disclosure of the discovery materials defined in the parties' stipulation is governed by the following conditions:

a) Access to the discovery materials shall be restricted to persons authorized by this stipulation and protective order, namely Covered Individuals, to include Defendants, Defendants' attorneys of record in this case, and any employees of the attorneys of record who are performing work on behalf

8

      of Defendants, to include any defense investigators and discovery coordinators;

b) Defendants may review "Attorney-Only" designated materials where feasible in the presence of his or her defense counsel or other employees assisting in defense preparation; however, neither Defendants nor the facility at which he or she is in custody shall be permitted to keep such materials, including copies and notes of such materials;

c) Defense counsels and Defendants shall not disclose, make copies of, or reveal the contents of such materials to any other persons not authorized to receive the discovery materials under this stipulation and protective order without prior written consent of the government or further order of the Court; and

d) Any and all discovery materials received by defense counsels and Defendants, and copies of such materials, shall be returned to the government at the conclusion of these proceedings.[2] Defense counsel may retain any notes made by Defendants, the defense, and experts under the conditions provided above, or shall destroy them.

    IT IS FURTHER ORDERED that any discovery material that is filed with the Court in connection with proceedings in this case shall be filed under seal and

---

[2] Or, alternatively said discovery materials shall be electronically scrubbed from any electronic storage device(s), or otherwise destroyed.

shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

IT IS SO ORDERED.

Dated: April 28, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE